```
             IN THE COURT OF THE UNITED STATES
             FOR THE MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION

PHYLASSAPHINE JACKSON,          )
AIS # 171926,                   )
                                )
          Plaintiff,            )
                                )
     vs.                        )   CIVIL ACTION NO.
                                )      CV-05-991-D
                                )
CYNTHIA WHEELER, et. al.,       )
                                )
          Defendants.           )
```

## SPECIAL REPORT

Pursuant to the Order of this Court, come now the Alabama Department of Corrections (hereinafter referred to as ADOC) Defendants, Cynthia Wheeler, Frank Albright, and Alex Amamoo, by and through the undersigned counsel in the above styled action, and file this Special Report as follows:

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that her constitutional rights were violated by the Defendants. Specifically the Plaintiff has contended that she was sexually assaulted by Defendant Amamoo and that as a result of reporting that assault she was placed in detained in segregation. Her only prayer of relief is that she be removed from segregation and be paced back in general population. She is not requesting monetary damages nor is she requesting injunctive relief.

**DEFENSES**

ADOC Defendants deny that they have violated the constitutional rights of the Plaintiff and demand the strict proof thereof.

ADOC Defendants allege that the Plaintiff has failed to state a claim upon which relief can be granted.

ADOC Defendants allege that the Plaintiff has failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained.

ADOC Defendants allege that at least part of the Plaintiff's claim is based upon the theory of respondent superior and cannot be maintained under 42 U.S.C. § 1983.

ADOC Defendants plead the general defense.

ADOC Defendants allege that they are entitled to qualified immunity against the claims of the Plaintiff.

ADOC Defendants allege that they are entitled to absolute immunity against the claims of the Plaintiff.

ADOC Defendants allege that the Plaintiff suffered no loss of a liberty interest in the complained of placement.

ADOC Defendants allege that the Plaintiff's complaint is moot.

ADOC Defendants reserve the right to amend their defenses, including the addition of affirmative defenses, upon the receipt of information through discovery and otherwise.

## STATEMENT OF FACTS

Plaintiff is an inmate presently incarcerated at the Tutwiler Prison for Women. In September of 2005, the Plaintiff alleged that she had been sexually assaulted by a Correctional Officer at Tutwiler. This allegation was immediately turned over to the Investigative Division. The Plaintiff, who was already being housed in the Restriction Dorm pending an investigation of institutional rules, was directed to remain there per the orders of Warden Gladys Deese for her own protection pending the investigation of the sexual assault by I&I. In October of 2005, I&I completed its investigation that the Plaintiff's allegations were unfounded. On October 21, 2005, Inmate Jackson was released from the Restriction Dorm to general population, fourteen days after she filed this complaint. The Plaintiff's complaint is now and was on October 21st moot.

## ARGUMENT

The courts have repeatedly recognized that the operation of a penal institution is, at best, a difficult assignment and that penal authorities must be given broad ranging discretion and latitude in which to carry out their duties. See Hewitt v. Helms, 459 U.S. 460,103 S.Ct. 864, 74 L.Ed.2d 675(1983).  "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their Judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S.

520,547, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979); <u>Sims v. Mashburn</u>, 25 F.3d 980 (11th Cir. 1994). The facts are undisputed that the Plaintiff remained in the Restriction Dorm only the amount of time needed to complete an investigation of her allegations and was released back into population after the investigation was completed. The only prayer of relief of the Plaintiff is that she be allowed back in population, which was done approximately thirty days after she was ordered to remain there and fourteen days after she filed this action.

Secondly, there is no evidence that any of the named Defendants were responsible for her placement and remaining in the Restriction Dorm. It is undisputed that the order for her to remain there under protective custody came from Warden Deese and not any of the Defendants.

Thirdly, even if this matter was not moot on its face, the Defendants are entitled to qualified immunity as to the Plaintiff remaining in the Restriction Dorm.

As there are no issues of material fact and for the reasons herein stated, the ADOC Defendants pursuant to F.R.C.P. 56(b), request that a motion for summary judgment be granted in their favor.

                                    Respectfully submitted

                                    Kim T. Thomas
                                    General Counsel
                                    Assistant Attorney General

```
                              /s/Albert S. Butler
                              Albert S. Butler
                              Assistant General Counsel
                              Assistant Attorney General
```

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
301 South Ripley Street
P. O. Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885


**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing documents upon:

Inmate Phylassaphine Jackson, AIS #171926
Tutwiler Prison for Women
8966 US Hwy 231
Wetumpka, Alabama 36092

by placing a copy of said documents in the U.S. Mail, postage prepaid on November 30, 2005.

```
                               /s/Albert S. Butler
                              Albert S. Butler
                              Assistant General Counsel
                              Assistant Attorney General
```

PDF Complete. Click Here & Upgrade. Expanded Features Unlimited Pages Documents