IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| PHYLASSAPHINE JACKSON, #171 926 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-991-D |
| CYNTHIA WHEELER (CAPTAIN), *et al*., | * |
| Defendants. | * |

_____

**O R D E R**

Plaintiff filed this 42 U.S.C. § 1983 complaint alleging that Defendant Alex Amamoo, a correctional officer employed with the Julia Tutwiler Prison for Women, sexually assaulted her. Pending an investigation into her allegation, prison officials detained Plaintiff in segregation and/or Restriction Dorm.[1] The only relief Plaintiff seeks in the instant action is an order from the court directing her release from segregation or a restricted dormitory and her return to general population. (Doc. No. 1, pg. 4.)

Defendants filed an answer and written report to Plaintiff's complaint on November 30, 2005. (Doc. Nos. 6, 7.) They maintain that an investigation into Plaintiff's allegations against Defendant Amamoo was conducted and that it was determined that Plaintiff's allegations against this correctional officer were unfounded. (*Id*., *see* Wheeler, Albright, & Amamoo Affidavits.) On October 21, 2005 Plaintiff was released from the Restriction Dorm and

---

[1] The documents before the court reflect that at the time Plaintiff reported the sexual assault, she was already housed in a Restriction Dorm pending an investigation for violation of institutional rules. (Doc. No. 6, Albright Affidavit.)

returned to general population. (*Id.*) Due to events which have occurred subsequent to the filing of this lawsuit, Defendants assert that this matter has become moot on its face. (Doc. No. 6, pg. 4.)

In light of the foregoing, the court deems it appropriate to direct Plaintiff to show cause why the instant action should not be dismissed since a more favorable decision on the merits would not entitle Plaintiff to any additional relief. *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."); *see also Seay Outdoor Advertising, Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 946 (11th Cir. 2005) ("[M]ootness is a jurisdictional question under Article III, which must be raised by the court.").

Accordingly, it is

ORDERED that on or before December 20, 2005 Plaintiff SHOW CAUSE why the instant complaint should not be dismissed as moot as a more favorable decision on the merits would not entitle her to any additional relief.

Done this 2nd day of December, 2005.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE