IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

PHYLASSAPHINE JACKSON, #171 926      *

      Plaintiff,                     *

           v.                * CIVIL ACTION NO. 2:05-CV-991-D
                                    (WO)

CYNTHIA WHEELER (CAPTAIN), *et al.*,    *

      Defendants.                *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 complaint on October 17, 2005 alleging that Defendant Alex Amamoo, a correctional officer employed with the Julia Tutwiler Prison for Women, sexually assaulted her.  Pending an investigation into her allegation, prison officials detained  Plaintiff in a Restriction Dorm.[1]  The only relief Plaintiff sought in filing the instant action was an order from the court directing her release from segregation or the restricted dormitory and her return to general population.  (Doc. No. 1, pg. 4.)

On November 30, 2005 Defendants filed an answer and written report in response to the allegations presented in  Plaintiff's complaint. (Doc. Nos. 6, 7.)  In their report, Defendants maintain that they conducted an investigation into Plaintiff's allegations against Defendant Amamoo and  determined that Plaintiff's  accusations against this correctional officer were

_____

[1]The documents before the court reflect that at the time Plaintiff reported the sexual assault, she was already housed in a Restriction Dorm pending an investigation for violation of institutional rules.  (Doc. No. 6, Albright Affidavit.)

unfounded.  (*Id.*, *see* Wheeler, Albright, & Amamoo Affidavits.) On October 21, 2005 Plaintiff

was released from the Restriction Dorm and returned to general population.  (*Id.*)  Due to

events which occurred subsequent to the filing of this lawsuit, and in light of the relief

requested by Plaintiff, Defendants assert that this matter has become moot on its face. (Doc. No.

6, pg. 4.)

On December 2, 2005 the court entered an order directing Plaintiff to show cause why

the instant complaint should not be dismissed as moot as a more favorable decision on the

merits would not entitle her to any additional relief.  Plaintiff has filed nothing in response to

the December 2 order.

## I.  DISCUSSION

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244,

246 (1971).  An actual controversy must exist at all times when the case is pending.  *Steffel v.*

*Thompson*, 415 U. S. 452, 459 n.10 (1974).   In a case such as this where the only relief

requested is injunctive in nature, it is possible for events subsequent to the filing of the

complaint to make the matter moot.  *National Black Police Assoc. v. District of Columbia*, 108

F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th

Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in

policy).

A claim becomes moot when the controversy between the parties is no longer alive

because one party has no further concern in the outcome.  *Weinstein v. Bradford*, 423 U.S. 147

(1975).  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).  Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

Plaintiff's ultimate objective in filing this action was to be released from a restricted dorm and returned to general population.   Since Plaintiff has obtained the relief she requested since filing this action, there is no longer a case or controversy to litigate. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint for injunctive relief  be DISMISSED as moot as a more favorable decision on the

merits would not entitle her to any additional relief.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 31, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of January, 2006.


　　　　　/s/Charles S. Coody　　　　　　　　
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

-4-